IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Mark Phillips, | ) | C/A No.: 1:10-936-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On September 16, 2011, the Plaintiff filed a motion for attorney's fees (in the amount of $2,794.48) pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the Defendant in this action was not substantially justified. Defendant filed a response on October 3, 2011, which indicates that although Defendant does not object to the amount of Plaintiff's request, he does object to Plaintiff's request that the Court award payment to Plaintiff's attorney because it runs counter to Astrue v. Ratliff, 130 S. Ct. 2521, 2528-29 (2010), and to the Anti-Assignment Act.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

1

The standard to be applied in determining whether the Commissioner was "substantially justified" in terminating social security benefits, for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984). After review and consideration, this Court concludes that an award of attorney's fees pursuant to the EAJA is appropriate in this case.

Attached to Plaintiff's motion is an affidavit of Plaintiff, which indicates an assignment of EAJA fees by the Plaintiff to his attorney with a notation that the "EAJA award shall be paid to my attorney." Defendant objects to any attorney fees awarded by the Court being made payable to Plaintiff's counsel. Defendant asserts that EAJA fees are payable to Plaintiff, not Plaintiff's counsel. After careful review and consideration, this Court finds Defendant's position to be persuasive. See Douglas v. Astrue, 2011 WL 30990, 2 (D.S.C. 2011).

In Astrue v. Ratliff, the Supreme Court held that the EAJA requires attorneys' fees be awarded directly to the litigant. --- U.S. ----, ----, 130 S.Ct. 2521 (2010) (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir.2009) (same). Neither Ratliff nor Stephens addresses whether claimants may assign EAJA fees to their attorneys via contract. However, the court is concerned that such contracts would constitute an end-run around the plain text of the EAJA as interpreted in both cases. Cf. Brown v. Astrue, 271 Fed. Appx. 741, 743 (10th Cir.2008) (stating, in dicta, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party ...."); Washington v. Astrue, 2010 WL 3023048, slip op. at *5 (D.S.C. July 29, 2010) (holding that EAJA fees are payable to plaintiff

even where plaintiff has attached an affidavit assigning his rights in the fees award to counsel) (citing Hall v. Astrue, 2008 WL 905218, at *1 (10th Cir.2008)). Thus, absent legal authority to the contrary, the court concludes that attorneys' fees in the present case must be awarded to Plaintiff, not his attorney.

Based on the foregoing and after considering the briefs and materials submitted by the parties, the court the Court **ORDERS** the Defendant to pay Plaintiff the sum of $ 2,794.48 in attorney fees, as requested by Plaintiff's counsel. Although the check for the fees must be payable to the order of the Plaintiff, the check itself should be mailed directly to Plaintiff's attorney.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
United States District Judge

October 21, 2011
Florence, South Carolina